REQUESTED BY: Mary A. Harding, Executive Director, The Nebraska Environmental Trust
You have requested an opinion from this office regarding whether the Nebraska Environmental Trust Board ("Board") has the authority to advise the Legislature, and more specifically, whether the Board may engage in lobbying. For the reasons set forth below, we conclude that the Nebraska Environmental Trust Board has the authority to advise or lobby the Legislature, provided the Board members are acting in their official capacity and are not provided additional compensation for their actions.
The Nebraska Environmental Trust Act ("Act"), Neb. Rev. Stat. §81-15,167 et seq. (Reissue 1999, Cum. Supp. 2002, Supp. 2003), established the Nebraska Environmental Trust Board. The duties of the Board include ". . .[c]ooperate[ing] with or assist[ing] any unit of the state, any political subdivision, or any private, public, or federal agency foundation, or person in furtherance of the purposes of the trust. . ." Neb. Rev. Stat. § 81-15,173. (Cum. Supp. 2002).
The Legislature, as the legislative authority of the state government, is a unit of the state with which the Board has the ability to cooperate or assist in furtherance of the purposes of the Trust. Neb. Const. Art. III, Sec. 1; Neb. Rev. Stat. § 81-15,173.
Upon making the above determination, the question now becomes whether advising or lobbying is considered to be cooperating with or assisting the Legislature. Since the words cooperate and assist are not specifically defined within the Act, one must assume the ordinary, natural, and plain meaning of the words used in the Act. Cooperate is defined as "to act or operate jointly with another or others." Webster's Collegiate Dictionary 183 (2nd ed. 1959). Assist is defined as "to give support to; help; aid; succor." Id. at 54. Advising is also not defined by the relevant statutes but is defined by Webster's Collegiate Dictionary as "to recommend to; to counsel; warn. . .to give information or notice to; to apprise; inform." Id. at 14. Lobbying, however, is defined by the Legislature as "the practice of promoting or opposing for another person. . .the introduction or enactment of legislation or resolutions before the Legislature or the committees or the members thereof, and shall also include the practice of promoting or opposing executive approval of legislation or resolutions." Neb. Rev. Stat. §49-1433 (Reissue 1998).
Although it is not clear from the definitions, it appears advising and lobbying the Legislature would fall under the Board's duty to cooperate and assist a state unit and such activity would be permitted, so long as no statutes prevent the Board from engaging in such activities.
One of the limitations to lobbying activities in Nebraska is found in Neb. Rev. Stat. § 81-15,170.01, which states that the Board is subject to the Nebraska Political Accountability and Disclosure Act conflict of interest provisions. The Nebraska Political Accountability Disclosure Act conflict of interest provisions are found in Neb. Rev. Stat. § 49-1493 through 49-14,104. Pursuant to Neb. Rev. Stat. §49-14,104 (Reissue 1999), "an official or full-time employee of the executive branch of state government shall not represent a person or act as an expert witness for compensation before a governmental body. . .but this prohibition shall not apply to an official or employee acting in an official capacity."
From the language of Neb. Rev. Stat. § 49-14,104, it appears that a member of the Board may represent the Board in front of the Legislature so long as the member is acting in an official capacity. Acting on behalf of the board would be considered within the official capacity of the member.
Furthermore, the Legislature has determined that a public official or employee of a branch of the state government is not a lobbyist so long as he or she is acting in the course of his or her employment. Neb. Rev. Stat. § 49-1434(3)(a). Therefore, it appears a member of the Board is authorized to lobby in front of the Legislature since cooperating and assisting the Legislature in furthering the goals of the Trust is a specific duty of the Board.
It can be argued that the goal of the Legislature was to limit the lobbying power of state officials and employees through these two statutes. Hence the restriction on the ability of any official or employee of the state government to only engage in lobbying activities which fall within the scope or course of his or her employment. Since lobbying the Legislature is essentially providing assistance to the Legislature in furtherance of the Trust, members of the Board are authorized to lobby in front of the Legislature. Neb. Rev. Stat. §81-15,173.
 Conclusion
So long as the Board members are acting in their official capacity as members of the Board, they have the authority to testify in front of the Legislature. Since no other statutes specifically prohibits Board Members from testifying in front of the Legislature, such activity is permitted, provided the statutory provisions of Neb. Rev. Stat. §§49-14,104 and 49-1434 are met.
Sincerely,
 JON BRUNING Attorney General
 Justin D. Lavene Assistant Attorney General Agriculture, Natural Resources 
Environmental Section.
Approved:
__________________________________ Attorney General